**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY <br><br> Plaintiff, <br><br> v. <br><br> RISE CONSTRUCTION MANAGEMENT, INC. and JOHN TEIXEIRA <br><br> Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Cincinnati Insurance Company ("Cincinnati") brings this Complaint

for Declaratory Judgment against Defendants Rise Construction Management,

Inc. ("Rise") and John Teixeira ("Teixeira") and alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff The Cincinnati Insurance Company is a stock insurance company

organized and existing under the laws of a state other than Massachusetts, with its

principal place of business in Fairfield, Ohio.

2.    Defendant Rise Construction Management, Inc. ("Rise") is a

Massachusetts corporation with a principal place of business at 12 Ericsson Street,

Boston, Massachusetts 02122.

3.    Defendant John Teixeira is an individual residing at 19 Chaucer Street,

East Boston, Massachusetts, and is the owner of the real property at that address.

1

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Declaratory relief is sought under 28 U.S.C. § 2201.

5.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this District and the underlying state-court action is pending in Suffolk County, Massachusetts.

## II.    GENERAL ALLEGATIONS

### A. The Cincinnati Policy

6.    Cincinnati issued Commercial General Liability Policy No. EPP 066 51 56 to named insured Rise Construction Management, Inc., with a policy period from October 7, 2024 to October 7, 2025. A true and accurate copy of the policy is attached hereto as Exhibit A.

7.    The policy was cancelled effective January 15, 2025.

8.    The policy carried a $2,000,000 Each Occurrence Limit, a $4,000,000 General Aggregate Limit, a $4,000,000 Products-Completed Operations Aggregate Limit, and a $2,000,000 Personal and Advertising Injury Limit. (Exhibit A, Commercial General Liability Coverage Part Declarations, p. 1).

9.    The policy's insuring agreement provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages." (Exhibit A, Commercial General Liability Coverage Form, p. 1, Section I, par. 1 a.).

2

10.     The policy applies only if "property damage" is caused by an "occurrence" and occurs during the policy period. (Exhibit A, Commercial General Liability Coverage Form, p. 1, Section I, par. 1 b. (2)).

11.     The policy defines "occurrence" and "property damage" as follows: "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. "Property damage" means: a. Physical injury to tangible property, including all resulting loss of use of that property…; or b. Loss of use of tangible property that is not physically injured. (Exhibit A, Commercial General Liability Coverage Form, pp. 15-16, Section V, par. 13, 17).

12.     The policy includes conditions requiring prompt notice, cooperation, and prohibiting voluntary payments without Cincinnati's consent:

> You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim…If a claim is made or "suit" is brought against any insured, you must: (1) Immediately record the specifics of the claim or "suit" and the date received; and (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable…You and any other involved insured must: (1) Immediately send us copies of any demands, notices, summonses or legal papers…; (2) Authorize us to obtain records…; (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and (4) Assist us… in the enforcement of any right… No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Exhibit A, Commercial General Liability Coverage Form, pp. 11-12, Section IV, par. 2., a.-d.).

## B. The Underlying Lawsuit and Allegations Against Rise

13.     Teixeira filed a civil action in Suffolk Superior Court, captioned *John Teixeira v. Sawing, LLC, Boston Building Company, LLC, Rise Construction*

3

*Management, Inc., Spruhan Engineering, Inc., and Alfa Excavation, LLC*, Civil Action No. 2584CV0298.

14.    The complaint in the underlying lawsuit alleges negligence and related claims arising from construction activities at 7-11 Curtis Street, East Boston, Massachusetts, affecting Teixeira's adjacent property at 19 Chaucer Street. A true and accurate copy of the complaint is attached hereto as Exhibit B.

15.    The lawsuit alleges negligence and civil trespass arising out of the construction of twenty-nine residential units over two buildings and a one level subsurface parking garage with sixteen parking spaces (the "Project") on the real property known as 7-11 Curtis Street, East Boston, Massachusetts (the "Project Site"), which has encroached upon and caused damage to the adjoining real property which is known as 19 Chaucer Street, East Boston, Massachusetts (the "Locus") and is owned by Teixeira. (Exhibit B, §§ 15-17).

16.    The underlying complaint alleges that on or before January 24, 2025, the temporary support of excavation system along the property line partially collapsed, allegedly causing damage to Teixeira's property. (Exhibit B, § 26).

17.    The underlying allegations against Rise include a claims for negligence in failing to supervise a subcontractor, Alfa Excavation, LLC, and in failing to plan, design, and implement a support of excavation wall, allegedly causing substantial damage to Teixeira's property, a claim for trespass, and a claim for nuisance/lateral support. (Exhibit B, §§ 43-56).

**C. Timing of Alleged Occurrence and Policy Cancellation**

18.     The alleged occurrence date in the underlying complaint is January 24, 2025, after the policy's cancellation effective January 15, 2025.

19.     Teixeira further alleged in a Motion for Temporary Restraining Order that the alleged damage occurred on February 1, 2025, which is also after the policy was cancelled effective January 15, 2025. A true and accurate copy of the Motion for Temporary Restraining Order is attached hereto as Exhibit C.

20.     Under the policy, the insured must notify Cincinnati as soon as practicable of an occurrence or suit and must cooperate in the investigation and defense.

21.     The underlying complaint was filed on February 3, 2025.

22.     According to the allegations in the underlying complaint, the alleged damages were first discovered or known on January 24, 2025.

23.     The Motion for Temporary Restraining Order identifies the date of the alleged damage as February 1, 2025. (Exhibit C, p. 2).

24.     Notwithstanding the foregoing, Rise did not report the claim to Cincinnati until February 23, 2026, more than one year later, in breach of policy conditions requiring notice as soon as practicable. (Exhibit A, Commercial General Liability Coverage Form, pp. 11-12, Section IV, par. 2., a.-d.).

25.     The delay prejudiced Cincinnati because litigation in the underlying action has been ongoing for more than a year, including substantial discovery, and other defendants reached settlements, while Cincinnati had no opportunity to investigate, participate in discovery, or defend Rise.

26.     Without Cincinnati's consent, Rise entered into an Agreement for Judgment in the underlying case in the amount of $400,000, with judgment entered on or

about April 29, 2026. A true and accurate copy of the Agreement for Judgment is attached hereto as Exhibit D.

27.     Cincinnati learned of the Agreement for Judgment after it was entered by the Superior Court.

28.     The Agreement for Judgment reserves to Teixeira the right to collect only from available insurance and purports to assign Rise's rights to pursue claims against insurers, including Cincinnati.

29.     The Agreement for Judgment was executed by the parties and their counsel on or about April 24–26, 2026, and submitted to the Superior Court for approval on April 27, 2026.

30.     The policy prohibits any insured from voluntarily making payments, assuming obligations, or incurring expenses without Cincinnati's consent.

31.     Cincinnati has denied any obligation to defend or indemnify Rise for the underlying lawsuit because the alleged property damage was first discovered or known on January 24, 2025, after the policy was cancelled effective January 15, 2025.

32.     On March 23, 2026, Cincinnati issued a reasoned insurance coverage determination letter to Rise explaining the basis for the denial of coverage. A true and accurate copy of the coverage determination letter is attached hereto as Exhibit E.

33.     After issuance of the coverage determination letter, Rise requested that Cincinnati reevaluate its coverage position.

34.     Upon reconsideration, Cincinnati agreed to defend Rise in the underlying lawsuit under a reservation of rights as to its coverage position.

6

35.    Shortly after assigning counsel to defend Rise in the underlying lawsuit, Cincinnati learned that Rise had entered into the Agreement for Judgment.

## COUNT I
## DECLARATORY JUDGMENT (28 U.S.C. § 2201)

36.    Cincinnati incorporates paragraphs 1–35 as if fully set forth herein.

37.    An actual, present, and justiciable controversy exists between Cincinnati, on the one hand, and Rise and Teixeira, on the other, regarding Cincinnati's rights and obligations, if any, under Policy No. EPP 066 51 56 with respect to the claims asserted against Rise in the underlying lawsuit.

38.    The policy applies only if "property damage" occurs during the policy period and is caused by an "occurrence," and the policy was cancelled effective January 15, 2025.

39.    The underlying complaint alleges that damage occurred on or before January 24, 2025, which is after the cancellation date.

40.    The underlying complaint does not allege any occurrence within the policy period.

41.    Rise failed to provide notice of the claim and suit as soon as practicable and failed to cooperate as required, resulting in prejudice to Cincinnati after more than a year of ongoing litigation activity without Cincinnati's participation.

42.    Rise, without Cincinnati's consent, agreed to the entry of a $400,000.00 judgment in the underlying action, triggering the policy's voluntary payments provision and barring coverage.

43.    Accordingly, an actual controversy exists and declaratory relief is necessary to resolve the parties' rights and obligations under the policy, including

7

whether Cincinnati owes any duty to defend or indemnify Rise with respect to the underlying action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Cincinnati Insurance Company respectfully requests that the Court enter judgment in its favor and declare:

a) That Cincinnati has no duty to defend Rise Construction Management, Inc. in the lawsuit captioned John Teixeira v. Sawing, LLC, Boston Building Company, LLC, Rise Construction Management, Inc., Spruhan Engineering, Inc., and Alfa Excavation, LLC, Suffolk Superior Court Civil Action No. 2584CV0298;

b) That Cincinnati has no duty to indemnify Rise Construction Management, Inc. for any judgment, settlement, agreement for judgment, or other sums in the underlying lawsuit;

c) That the Agreement for Judgment entered by Rise without Cincinnati's consent falls within the policy's voluntary payments provision and is not covered;

d) Such other and further relief as the Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,
THE CINCINNATI INSURANCE COMPANY

By its attorneys,


/s/ *Marc E. Finkel*
Marc E. Finkel, BBO #659681
mfinkel@fmglaw.com
Ben N. Dunlap, BBO #661648
bdunlap@fmglaw.com
Freeman, Mathis & Gary, LLP
One Boston Place, Suite 2200
Boston, MA 02108
Tel: (617) 963-5975
Fax: (833) 226-4728

</div>

Dated: May 14, 2026